# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**STEPHEN A. BREWSTER,**

    *Plaintiff*,

v.                                                       Case No.: **4:24cv474-MW/MAF**

**STATE OF FLORIDA, et al.,**

    *Defendants*.

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 14, and has also reviewed *de novo* Plaintiff's objections, ECF No. 23. As noted in the report and recommendation, Plaintiff cannot proceed *in forma pauperis* due to his status as a "three-striker" under the PLRA, and because he has not alleged facts showing he is in imminent danger of physical injury as related to his claims for relief. In his objections, Plaintiff notes that he has multiple fractured fingers that are not being treated and he is at high risk of potential infectious disease (without elaboration), and thus he is in imminent danger of physical injury. However, Plaintiff cannot amend his complaint by providing supplemental allegations in his objections. *See e.g.*, *Davis-Harrison v. Chief U.S. Probation Officer M.D. Fla.*, No. 22-14334, 2024 WL 2874046, at *2 (11th Cir. June 7, 2024) (noting that *pro se* party cannot amend complaint by arguments made in

appellate brief, or more generally on appeal, or through a response to a motion to dismiss); *Bennett v. Lynch*, Case No.: 4:11-CV-0030-HLM, 2011 WL 13138102, at *1 n.1 (N.D. Ga. Dec. 29, 2011) (holding that *pro se* plaintiff cannot amend complaint via statements and arguments contained in objections).

Nor is Plaintiff entitled to proceed under the "imminent danger" exception when there is no nexus between the alleged imminent danger—e.g., no treatment for broken fingers and increased risk of infectious disease—and the violations alleged in the complaint. *See Britt v. Mangum*, Case No.: 1:21-CV-0031-SCJ-JCF, 2021 WL 11708269, at *2 (N.D. Ga. Feb. 5, 2021) (noting that "imminent danger must be fairly traceable to the violations of law asserted in the complaint"). Here, Plaintiff identifies "violations of 'social security' / 'privacy-act' case # 2024CA02184 in and for 'Okaloosa County, Florida,' whom as no federal court," as his claim. ECF No. 12 at 7. The relief sought is a "court order to transfer case #2024CA02184 whom has no jurisdiction without federal judge." *Id*. Even if Plaintiff could amend his complaint through objections to add the allegations of his broken fingers and increased risk of infection, Plaintiff has failed to provide any nexus tracing these alleged injuries to the alleged violation regarding his state court case.

Accordingly,

**IT IS ORDERED**:

The report and recommendation, ECF No. 14, is **accepted and adopted**, over the Plaintiff's objections, as this Court's opinion. Plaintiff's motion to proceed *in forma pauperis*, ECF No. 13, is **DENIED**. The Clerk shall enter judgment stating, "Plaintiff's claims are **DISMISSED without prejudice**." Plaintiff's remaining pending motions, ECF Nos. 15 and 17, are **DENIED as moot.** The Clerk shall note on the docket that this case is dismissed pursuant to 28 U.S.C. § 1915(g) and close the file.

**SO ORDERED on January 7, 2025.**

s/Mark E. Walker
**Chief United States District Judge**